**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**CIVIL DIVISION**

FILED
JAMES BONINI
CLERK

2010 SEP -3  A 9:43

U.S. DISTRICT COURT
SOUTHERN DIST OHIO
EAST DIV. COLUMBUS

Omar Tarazi

Plaintiff,

vs.

Pamela G. Oshry

And

John Stemberger

Defendants

2:10 cv 793

JUDGE SARGUS

MAGISTRATE JUDGE KING

**COMPLAINT**

**I. Parties to the action:**
Plaintiff:
Omar Tarazi
5635 Sandbrook Lane
Hilliard, Ohio 43026
Phone: 614-226-2823
Fax:    614-319-4242

Defendants:
Pamela G. Oshry
57 Ithaca Ave.
Atlantic Beach, NY 11509
Phone: 516-239-8277

AND
John Stemberger
4853 South Orange Avenue
Orlando, FL 32806
Phone: 800-842-4761

**II. Subject Matter Jurisdiction and Venue**
This Court has subject matter jurisdiction pursuant to: Title 28 U.S.C. § 1332(a)(1) [A

lawsuit between citizens of different states where the matter in controversy exceeds

$75,000.]

1

Venue is proper in Ohio because Plaintiff resides in Ohio, and Plaintiff's law firm

practice was harmed in Ohio from Defendants' national broadcast of false Defamatory

Per Se statements against Plaintiff both on national television and on the internet which

were primarily directed to harm the Plaintiff in Ohio and to influence the legal

proceedings in Ohio.

## III. Statement of Claim

1- Plaintiff was the attorney for Mohamed Bary and Aysha Risana Bary in the
   Unruly and Dependency cases in Ohio regarding their daughter Fathima Rifqa
   Bary.

2- Attorney John Stemberger represented Fathima Rifqa Bary when she was in
   Florida in the Dependency case there to wit: Circuit Court of the Ninth Judicial
   Circuit for Orange County, Florida Juvenile Division case No. 09-580.

3- On August 31, 2009, John Stemberger held a press conference in which he release
   an "Intelligence Memorandum" in which he claimed a certain Mosque in Ohio
   called the Noor Islamic Cultural Center has "ties" with terrorist activity and
   therefore the minor child should not be returned to Ohio.

4- On October 27, Florida relinquished Jurisdiction and the minor child was
   transported back to Ohio for the Dependency and Unruly proceedings in Ohio.

5- Prior to Florida Court relinquishing jurisdiction and sending the minor child back
   to Ohio, on October 13, 2009, the Franklin County Domestic Court Judge issued
   the following gag order with respect to the Unruly and Dependency cases in Ohio,
   "as it related to the attorneys, their agents and the parties in this matter. All

attorneys, agents and parties are instructed that they are not to speak with any media representative during the pendency of this matter."

6- In compliance with the order, Plaintiff did not make any statements to the media during the course of the legal proceedings.

7- On December 23, 2009 Attorney John Stemberger had himself introduced on nationally televised Fox News as one of Rifqa's Bary's Attorneys that attended the December 22nd hearing in Columbus Ohio. In this interview he made a number of false statements among them he said that "the parents initially had qualified court appointed lawyers both here and in Orlando, in both cases both in Ohio and Florida they fired those qualified lawyers and hired lawyers who are Muslim who have ties with CAIR and the Islamic mosque, so there is a conflict of interest if you are being paid for by a third party [CAIR and the Noor Islamic Cultural Center which John Stemberger claimed has "ties" with terrorists], that is a problem." John Stemberger placed this and several other similar television interviews on his law firm website which included the 35 page "Investigation and Intelligence Memorandum" previously released to the media.

8- John Stemberger's statements on national television and on the internet amount to the assertion that Plaintiff is not a qualified attorney, and that Plaintiff had a conflict of interest in the case because he was being paid for by an organization that John Stemberger claims has ties to terrorists. These statements are false and defamatory Per Se.

9- In addition, John Stemberger posted videos of the interviews on Youtube.com to get the maximum internet viewership and distribution of the videos in his attempt to influence the course of the case in Ohio.

10- On January 5th, 2010 Plaintiff filed a motion to show cause against the two attorneys involved in the case in Ohio, as well as John Stemberger to determine if in fact John Stemberger was part of the Ohio legal team and making public statements in violation of the Court's Order. Attached to this motion, Plaintiff included an affidavit of all the various appearances and statements made by John Stemberger. In addition, Plaintiff specifically denied that he has received any money from Noor Islamic Cultural Center, or CAIR for his legal services in the case.

11- Defendant John Stemberger was sent a copy of the filed motion to show cause along with a subpoena. The motion to show cause was withdrawn because the minor child's attorneys assured the Court on the record that John Stemberger was not part of their legal team. John Stemberger persisted in leaving the defamatory per se videos on his website and on youtube.com without taking them down or offering any correction or apology. The videos remained on his website until sometime in August, 2010 and were taken down as a result of proceedings by the Florida Bar with regard to the statements made by John Stemberger in the videos.

12- Defendant Pamela G. Oshry runs the Atlas Shrugs blog -found at: http://atlasshrugs2000.typepad.com/- under the name Pamela Geller. She is also the executive director of the organization, "Stop Islamization of America."

13- On January 9th, 2010 Defendant Pamela G. Oshry posted a blog titled, "Rifqa Bary's Parents CAIR Appointed Attorney Perjures Himself in Motions." In this blog posting she states that because Plaintiff gave a speech at Noor Islamic Cultural Center on November 27, 2009 he joined, "Salah Sultan, Major Hasan, Muslim Brotherhood, Hamas, and a veritable CAIR cabal." She goes on to accuse Plaintiff of perjury for the statements he made in Plaintiff's affidavit attached to the motion to show cause. In addition, Defendant Pamela G. Oshry has repeatedly referred to CAIR as a criminal organization with ties to terrorism on her blog and, in this and other posts, she falsely refers to Plaintiff as a "CAIR appointed" attorney in the case.

14- Plaintiff was not appointed by CAIR and is not and never has been employed by CAIR. Mr. and Ms. Bary never had court appointed lawyers in Ohio. Plaintiff is an attorney running a private law firm. Plaintiff represented his clients pro-bono except for minor expenses which were covered by his client. Plaintiff received no compensation from any third parties for his representation. Upon information and belief, Plaintiff's clients never received any financial assistance from CAIR or Noor Islamic Cultural Center.

15- Defendant Pamela G. Oshry made continuous and false commentary about Plaintiff, his clients and the case in Ohio on her blog. She organized a rally in Columbus regarding the case and she organized several letter writing campaigns in an effort to affect the case in Ohio, all with her blog.

16- Defendants' false and defamatory per se accusations against Plaintiff have permanently harmed the personal and professional reputation of Plaintiff both in

Ohio and nationally, and have permanently harmed the business and private law practice of Plaintiff in Ohio and caused Plaintiff severe emotional distress.

17- Potential clients that do a simple web search to check on Plaintiff's credentials will find these accusations of perjury, conflict of interest, being unqualified as an attorney, that Plaintiff "joined" "Major Hasan" (who committed the Fort Hood shooting), and "joined" "Hamas" (which the United States classifies as a terrorist organization), and that Plaintiff receives payments from "criminal" organizations with "ties" to terrorists. All of these accusations as well as many others are false and per se defamatory, amount to libel and slander per se, because they are on their face highly injurious to the personal and professional reputation of Plaintiff.

18- Defendants acted maliciously and purposely in making these defamatory per se statements.

19- Defendants conspired together to share information and promote each other's Defamatory Per Se statements and accusations against Plaintiff.

IV. Previous lawsuits: None.

V. Relief:

**WHEREFORE,** Plaintiff requests Judgment against Defendants jointly and severally for Compensatory damages for the past and future economic loss and harm to Plaintiff's business and reputation in excess of ten million dollars with the specific amount to be determined at trial, punitive damages, interest, and costs, and such other relief as the Court may deem just, proper, and equitable. In addition, Plaintiff seeks trial by jury for all issues so triable.

I state under penalty of perjury that the foregoing is true and correct. Executed on this __3__ day of _____September_____, 20_10_.

_____
Signature of Plaintiff