**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION AT COLUMBUS**

-----------------------------------------------------------------X

OMAR TARAZI,

Case No. 2:10-cv-793-EAS-NMK

     Plaintiff,

- against -

**ANSWER**

PAMELA OSHRY & JOHN STEMBERGER,

     Defendants.

-----------------------------------------------------------------X

**ANSWER OF PAMELA GELLER TO PLAINTIFF'S COMPLAINT AS**
**AGAINST DEFENDANT PAMELA OSHRY**

Pamela Geller, through her undersigned counsel, hereby answers the Complaint of
Plaintiff Omar Tarazi as follows:

**I.      PARTIES TO THE ACTION**

1.     As to Plaintiff's self-identification, address, telephone and facsimile numbers,
Pamela Geller lacks sufficient knowledge and information to form a belief as to the truth of the
allegations and therefore denies same.

2.     As to Plaintiff's identification of Pamela Geller as "Pamela G. Oshry," Pamela
Geller denies that her current legal name (or commonly used name) is Pamela G. Oshry or that at
any times relevant to the allegations in the Complaint her legal name (or commonly used name)

1

was Pamela G. Oshry, and further denies that the address and telephone number set forth in the Complaint are hers or used by her in any way.

3.      As to Plaintiff's identification of Defendant John Stemberger and his address and telephone number, Pamela Geller lacks sufficient knowledge and information to form a belief as to the truth of the allegations and therefore denies same.

## II.      SUBJECT MATTER JURISDICTION AND VENUE

4.      The allegations of subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) are assertions of law based upon facts of damages not pled in the Complaint; further, Pamela Geller lacks sufficient knowledge and information to form a belief as to the truth of the facts implied and therefore denies same.

5.      As to the allegations asserting proper venue, Pamela Geller lacks sufficient knowledge and information to form a belief as to the truth of the facts and therefore denies same.

## III.      STATEMENT OF CLAIM

6.      As to the factual allegations set forth in paragraph 1 of the "Statement of Claim," Pamela Geller lacks sufficient knowledge and information to form a belief as to the truth of the allegations and therefore denies same.

7.      As to the factual allegations set forth in paragraph 2 of the "Statement of Claim," Pamela Geller lacks sufficient knowledge and information to form a belief as to the truth of the allegations and therefore denies same.

8.      As to the factual allegations set forth in paragraph 3 of the "Statement of Claim," Pamela Geller lacks sufficient knowledge and information to form a belief as to the truth of the allegations and therefore denies same.

9.      As to the factual allegations set forth in paragraph 4 of the "Statement of Claim," Pamela Geller lacks sufficient knowledge and information to form a belief as to the truth of the allegations and therefore denies same.

10.      As to the factual allegations set forth in paragraph 5 of the "Statement of Claim," Pamela Geller lacks sufficient knowledge and information to form a belief as to the truth of the allegations and therefore denies same.

11.      As to the factual allegations set forth in paragraph 6 of the "Statement of Claim," Pamela Geller lacks sufficient knowledge and information to form a belief as to the truth of the allegations and therefore denies same.

12.      As to the factual allegations set forth in paragraph 7 of the "Statement of Claim," Pamela Geller lacks sufficient knowledge and information to form a belief as to the truth of the allegations and therefore denies same.

13.      As to the factual allegations set forth in paragraph 8 of the "Statement of Claim," Pamela Geller lacks sufficient knowledge and information to form a belief as to the truth of the allegations and therefore denies same.

14.      As to the factual allegations set forth in paragraph 9 of the "Statement of Claim," Pamela Geller lacks sufficient knowledge and information to form a belief as to the truth of the allegations and therefore denies same.

15.      As to the factual allegations set forth in paragraph 10 of the "Statement of Claim," Pamela Geller lacks sufficient knowledge and information to form a belief as to the truth of the allegations and therefore denies same.

16.     As to the factual allegations set forth in paragraph 11 of the "Statement of Claim," Pamela Geller lacks sufficient knowledge and information to form a belief as to the truth of the allegations and therefore denies same.

17.     As to the factual allegations set forth in paragraph 12 of the "Statement of Claim," Pamela Geller admits that she runs the web log commonly referred to as Atlas Shrugs and located from the URL http://atlasshrugs2000.typepad.com/atlas_shrugs/.  Pamela Geller denies that she is the executive director of an organization called "Stop the Islamization of America."

18.     As to the factual allegations set forth in paragraph 13 of the "Statement of Claim," Pamela Geller denies that she acted in any way under the name of Pamela G. Oshry, but admits that she posted an entry on her web log dated January 7, 2010, entitled, "Rifqa Bary's Parents CAIR Appointed Attorney Perjures Himself in Motions," which includes the statement: "Back on December 14th Atlas broke the EXCLUSIVE story that the CAIR appointed lawyer for Rifqa Bary's parents, Omar Tarazi, was speaking at the extremist Noor mosque (here) - one big happy (Mansonish) family.  He joined Salah Sultan, Major Hasan, Muslim Brotherhood, Hamas, and a veritable CAIR cabal."  Pamela Geller further admits that she has written that the Council on American-Islamic Relations ("CAIR") has been identified by the U.S. Government as a Muslim Brotherhood-Hamas front group and named as an unindicted co-conspirator in a federal criminal trial charging CAIR co-conspirators with fund raising for Hamas and which resulted in guilty verdicts for the defendants.  Pamela Geller admits to describing Plaintiff as a "CAIR appointed lawyer."  Pamela Geller denies that "[s]he goes on to accuse Plaintiff of perjury . . . ," but rather that she was reporting what others had reported.  As stated in her blog entry at issue:

> The reason why this is germane is because it is being reported that Omar Tarazi perjured himself in recent court motions, when he denied connections to CAIR and to the Ohio terror mosque responsible for spying on Rifqa and revealing her conversion to her parents with the ominous threat to "straighten her out".

As to the remainder of the factual allegations set forth in paragraph 13 of the "Statement of Claim," Pamela Geller lacks sufficient knowledge and information to form a belief as to the truth of the allegations and therefore denies same.

19.     As to the factual allegations set forth in paragraph 14 of the "Statement of Claim," Pamela Geller lacks sufficient knowledge and information to form a belief as to the truth of the allegations and therefore denies same.

20.     As to the factual allegations set forth in paragraph 15 of the "Statement of Claim," Pamela Geller admits that she was involved in public protests and letter-writing campaigns and publicized these efforts through her web log. Pamela Geller denies the remaining allegations on the grounds that they are either false or so vague and unspecified she is incapable of responding to them meaningfully

21.     As to the factual allegations set forth in paragraph 16 of the "Statement of Claim," Pamela Geller denies that she has engaged in any tortious conduct toward Plaintiff or that she caused in any way Plaintiff to suffer any damages. As to the remaining factual allegations set forth in this paragraph, Pamela Geller lacks sufficient knowledge and information to form a belief as to the truth of the allegations and therefore denies same.

22.     As to the factual allegations set forth in paragraph 17 of the "Statement of Claim," Pamela Geller lacks sufficient knowledge and information to form a belief as to the truth of the allegations and therefore denies same. The remaining allegations set forth in this paragraph are faulty legal conclusions and require no response.

23.     Pamela Geller denies the factual allegations set forth in paragraph 18 of the "Statement of Claim."

24.     Pamela Geller denies the factual allegations set forth in paragraph 19 of the "Statement of Claim."

## IV.     PREVIOUS LAWSUITS

25.     As to the factual representation that there have been no previous lawsuits, Pamela Geller lacks sufficient knowledge and information to form a belief as to the truth of the representation and therefore denies same.

## V.     RELIEF

26.     The unnumbered paragraph beginning with the "WHEREFORE" constitutes Plaintiff's characterization of this action and demand for relief, to which no responsive pleading is required. To the extent a response is required, Pamela Geller denies that Plaintiff is entitled to the relief requested, or to any relief whatsoever. Pamela Geller specifically denies all allegations in Plaintiff's Complaint not otherwise answered or qualified herein.

### FIRST DEFENSE

The Complaint should be dismissed for lack of subject matter jurisdiction over the claims because there are no allegations supporting the statutory damages required in a diversity action pursuant to 28 U.S.C. § 1332(b).

### SECOND DEFENSE

The Complaint should be dismissed because of insufficiency of process in that the Complaint does not properly name Pamela Geller.

### THIRD DEFENSE

The Complaint should be dismissed because of insufficiency of service of process.

## FOURTH DEFENSE

The Complaint should be dismissed because it fails to state a claim upon which relief can be granted, specifically including, but not limited to, the grounds that (i) the statements alleged to be defamatory are not reasonably understood to be statements of fact but hyperbole; (ii) to the extent the statements alleged to be defamatory are statements of fact, they are accurate reports of statements of others or they are true statements simply; and (iii) the Complaint does not properly allege malice insofar as the alleged defamation arises out of a matter of great public interest, the plaintiff is a public figure, and/or Pamela Geller writes on her web log as a journalist. For the foregoing reasons, the Complaint is barred by the First Amendment to the United States Constitution.

## FIFTH DEFENSE

The Complaint should be dismissed because Plaintiff lacks standing to invoke the jurisdiction of this court.

## RESERVATION OF ADDITIONAL DEFENSES

Pamela Geller, by and through counsel, reserves the right to assert and file any additional affirmative defenses which may become known by discovery proceedings in accordance with the rules and practices of this court.

WHEREFORE, Pamela Geller demands judgment dismissing the Complaint as to Pamela Geller in its entirety with prejudice, and granting such other and further relief as this court deems proper, including costs and disbursements.

Respectfully submitted,

*/s Patrick K. Dunphy*

Patrick K. Dunphy (OH Bar No. 0017827)
FALKE & DUNPHY, LLC
30 Wyoming Street
Dayton, Ohio 45409-2731
dunphy@falkedunphy.com
(937) 222-3000
Trial Attorney for Defendant
Pamela Geller

LAW OFFICES OF DAVID YERUSHALMI, P.C.
David Yerushalmi, Esq.* (Ariz. Bar No. 009616;
DC Bar No. 978179; Cal. Bar No. 132011; NY Bar No. 4632568)
640 Eastern Parkway, Suite 4C
Brooklyn, NY 11213
david.yerushalmi@verizon.net
(800) 714-9650; (646) 262-0500

THOMAS MORE LAW CENTER
Robert J. Muise, Esq.* (MI Bar No: P62849)
24 Frank Lloyd Wright Drive
P.O. Box 393
Ann Arbor, MI 48106
rmuise@thomasmore.org
(734) 827-2001

*Subject to admission *pro hac vice*

## CERTIFICATE OF SERVICE

I hereby certify that on October 12, 2010, a copy of the foregoing ANWER OF PAMELA GELLER TO PLAINTIFF'S COMPLAINT were filed electronically.  Notice of this filing will be sent to all parties for whom counsel has entered an appearance by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.  I further certify that a copy of the foregoing has been served by ordinary U.S. mail upon all parties for whom counsel has not yet entered an appearance electronically: Plaintiff Omar Tarazi, who is a licensed attorney in the State of Ohio, but apparently not registered for ECF.

*/s Patrick K. Dunphy*

_____

Patrick K. Dunphy (OH Bar No. 0017827)