```
          IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF OHIO
                    EASTERN DIVISION
```

**OMAR TARAZI,**

    **Plaintiff,**

    **vs.**                                 **Civil Action 2:10-CV-793**
                                                  **Judge Sargus**
                                                  **Magistrate Judge King**

**PAMELA G. OSHRY,** *et al.*,

    **Defendants.**

<u>**OPINION AND ORDER**</u>

During the course of discovery in this action, plaintiff sought the disclosure of the identity of certain nonparties. This matter is now before the Court on *Motion for Leave to Intervene of Non-Parties John Doe and Barbarrossa for the Limited Purposes of Seeking and Enforcing a Protective Order*, Doc. No. 57 ("*Motion to Intervene*").

**I.   BACKGROUND**

Plaintiff, an Ohio attorney who is proceeding *pro se*, previously represented two individuals in "Unruly and Dependency cases in Ohio" involving their daughter, Fathima Rifqa Bary. *Amended Complaint*, Doc. No. 10, ¶¶ 1, 5. Various media outlets and at least one blog reported on the proceedings involving Ms. Bary. *See*, *e.g.*, *id*. at ¶¶ 3, 7, 10, 12-23. Thereafter, plaintiff filed this lawsuit, alleging that defendants Pamela G. Oshry,[1] an individual who operates a blog, and

---

[1] This defendant identifies herself as Pamela Geller and denies that her legal name (or commonly used name) is Pamela G. Oshry. *Answer of Pamela Geller to Plaintiff's Complaint Against Defendant Pamela Oshry*, Doc. No. 7, ¶ 2. For ease of reference, the Court will refer to this defendant as "defendant Geller."

John Stemberger, a Florida attorney, defamed plaintiff when speaking publicly about the proceedings involving Ms. Bary.  Plaintiff has served discovery requests on defendants seeking, *inter alia*: (1) the identity and contact information "for the individual who posts under the name Barbarossa of the Jawa Report blog," and (2) the identity and contact information of Defendant Stemberger's "confidential informant," identified in a letter dated June 24, 2010, "(regarding his information that Plaintiff took up a collection at the Noor Islamic Cultural Center in John Stemberger's correspondences to the Florida Bar) which in any way deal directly or indirectly with the Rifqa Bary case, Plaintiff or the Noor Islamic Center."  *Motion to Intervene*, p. 2; *Amended Complaint*, ¶ 8.

Barbarossa, a contributor to a blog known as "the Jawa Report," and John Doe, "the confidential source of certain information" referred to in a letter from defendant Stemberger dated June 24, 2010 (collectively, "the proposed intervenors"), seek "leave to intervene for the limited purposes of pursuing and enforcing a protective order against the disclosure of their identities as sought by the plaintiff in violation of their rights to anonymous free speech under the First Amendment to the United States Constitution."  *Id*. at 2, 4-5 (citing *Amended Complaint*).  The proposed intervenors attach a proposed motion for protective order, discussing in more detail their request to intervene in order to protect their claimed First Amendment right to anonymous free speech and their fear that disclosure of their identities will endanger their safety.  Proposed *Intervenors' Motion*

*for Protective Order*, attached to *Motion to Intervene*.[2]  The proposed intervenors argue that they are entitled to intervene as a matter of right under Fed. R. Civ. P. 24(a)(2).  In the alternative, they contend that permissive intervention is appropriate under Fed. R. Civ. P. 24(b)(1).  The Court will address each argument in turn.

**II.   INTERVENTION OF RIGHT**

Rule 24(a) of the Federal Rules of Civil Procedure governs intervention of right, providing as follows:

> On timely motion, the Court must permit anyone to intervene who:
>
> *          *          *          *
>
> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(2).[3]  The United States Court of Appeals for the Sixth Circuit requires that a proposed intervenor satisfy four factors before establishing a right to intervene under this provision:

> (1) the motion to intervene is timely; (2) the proposed intervenor has a substantial legal interest in the subject matter of the case; (3) the proposed intervenor's ability to protect their interest may be impaired in the absence of intervention; and (4) the parties already before the court cannot adequately protect the proposed intervenor's interest.

*Coal. to Defend Affirmative Action v. Granholm*, 501 F.3d 775, 779 (6th

---

[2]The Court has considered this proposed motion only to the extent necessary to resolve the *Motion to Intervene*.  The Court expresses no opinion as to the merits of the proposed motion.

[3]The proposed intervenors do not assert a right to intervention based upon federal statute.  Therefore, the Court will not address Fed. R. Civ. P. 24(a)(1).

Cir. 2007). "'The proposed intervenor must prove each of the four factors; failure to meet one of the criteria will require that the motion to intervene be denied.'" *United States v. Michigan*, 424 F.3d 438, 443 (6th Cir. 2005) (quoting *Grubbs v. Norris*, 870 F.2d 343, 345 (6th Cir. 1989)).

### A. Timeliness

"'[T]he timeliness of a motion to intervene is a threshold issue.'" *Blount-Hill v. Zelman*, No. 09-3952, 2011 U.S. App. LEXIS 2932, at *13 (6th Cir. Feb. 16, 2011)(quoting *United States v. Ritchie Special Credit Invs., Ltd.*, 620 F.3d 824, 832 (8th Cir. 2010)). In determining whether a motion to intervene is timely, a court should consider "'all relevant circumstances.'" *Stupak-Thrall v. Glickman*, 226 F.3d 467, 472-73 (6th Cir. 2000) (quoting *Jansen v. City of Cincinnati*, 904 F.2d 336, 340 (6th Cir. 1990)). A court must consider the following factors when evaluating the timeliness factor:

> (1) the point to which the suit has progressed; (2) the purpose for which intervention is sought; (3) the length of time preceding the application during which the proposed intervenors knew or should have known of their interest in the case; (4) the prejudice to the original parties due to the proposed intervenors' failure to promptly intervene after they knew or reasonably should have known of their interest in the case; and (5) the existence of unusual circumstances militating against or in favor of intervention.

*Id*. at 473 (quoting *Jansen*, 904 F.2d at 340) (internal quotation marks omitted).

In the case *sub judice*, plaintiff does not contend that the motion has been unreasonably delayed; rather, plaintiff argues that the *Motion to Intervene* is "premature" because (1) Defendant Stemberger has already responded to discovery requests and denied

4

knowing the identity of Barbarrossa, and (2) Defendant Geller has not yet responded to discovery requests.  Doc. No. 59.  After considering all the relevant factors, this Court cannot conclude that the *Motion to Intervene* is untimely.  First, the *Motion to Intervene* was filed approximately five months after the litigation commenced and only two months after plaintiff filed discovery requests and while defendant Geller's motion for a stay of discovery as to her, Doc. No. 43,[4] was still pending.  Therefore, this action is still in the early stages of litigation.

Second, there is no indication that the proposed intervenors should have or could have filed their motion earlier.  *Stupak-Thrall*, 226 F.3d at 479 n.15 ("The 'purposes of intervention" prong of the timeliness element normally examines only whether the lack of an earlier motion to intervene should be excused, given the proposed intervenor's purpose – for example, when the proposed intervenor seeks to intervene late in the litigation to ensure an appeal.").  Plaintiff concedes as much when he argues that the current *Motion to Intervene* is "premature."

Third, as discussed *supra*, the *Motion to Intervene* was filed approximately two months after plaintiff filed the discovery requests seeking the identity of the proposed intervenors and less than six months after plaintiff initiated the litigation.  Even if the proposed intervenors were immediately aware of the discovery requests, the Court cannot say that a two-month delay renders the *Motion to Intervene* untimely.

---

[4]Defendant Geller has sought review of the *Opinion and Order*, Doc. No. 66, denying her motion to stay discovery.  Doc. No. 67.

Fourth, there is no evidence that the proposed intervenors' failure to file their motion earlier has resulted in prejudice to the current parties; indeed, plaintiff argues that the *Motion to Intervene* was filed too early in this litigation, undermining any claim of prejudice based on delay in the filing of the motion. *See Stotts v. Memphis Fire Dep't*, 679 F.2d 579, 592 (6th Cir. 1982) ("The prejudice inquiry is narrow: only that prejudice attributable to a movant's failure to act promptly may be considered. The broader factor of prejudice that may flow from the intervention itself does not weigh in the balance.").

Finally, the Court is unaware of the existence of unusual circumstances militating against or in favor of intervention. Accordingly, under these circumstances, a balancing of the other four factors establishes that the *Motion to Intervene* is timely.

**B.   Substantial Legal Interest**

The proposed intervenors must next establish that they have "a substantial legal interest in the subject matter of the case." *Coal. to Defend Affirmative Action*, 501 F.3d at 779. "A substantial legal interest" "must be significantly protectable," *Grubbs*, 870 F.2d at 346, and determining whether or not a proposed intervenor has such an interest is a fact-specific inquiry. *Coal. to Defend Affirmative Action*, 501 F.3d at 780. In considering whether this factor has been met, the Sixth Circuit "has opted for a rather expansive notion of the interest sufficient to invoke intervention of right[.]" *Id*. (citations and internal quotation marks omitted); *Liberte Capital Group, LLC v. Capwill*, No. 03-4278, 126 Fed Appx. 214, at *218 (6th

6

Cir. Feb. 23, 2005) ("This court generally construes that interest [under Rule 14(a)(2)] liberally[.]").  Further, "close cases should be resolved in favor of recognizing an interest under Rule 24(a)[.]" *Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1247 (6th Cir. 1997).  However, "this does not mean that any articulated interest will do." *Coal. to Defend Affirmative Action*, 501 F.3d at 780.  An asserted interest that is "generalized. . . will not support a claim for intervention of right." *Providence Baptist Church v. Hillandale Comm., Ltd.*, 425 F.3d 309, 317 (6th Cir. 2005) (internal quotation marks omitted).

Here, the proposed intervenors assert an interest in plaintiff's discovery requests – *i.e.*, their interest in resisting the disclosure of their identities.  Plaintiff does not contest that the proposed intervenors have a substantial legal interest in the subject matter of this case.  The Court notes that a lack of substantial interest in the "ultimate resolution" of the case on the merits "does not justify the denial of leave to intervene of right." *Liberte Capital Group*, 126 Fed Appx. 214, at *219.  Instead, an interest in discovery and the disclosure of information may be sufficient to satisfy this factor. *See*, *e.g.*, *Chubb Ins. Co. of Europe SE v. Zurich Amer. Ins. Co.*, No. 1:09-mc-116, 2010 U.S. Dist. LEXIS 7200 (N.D. Ohio Jan. 28, 2010) (finding a substantial legal interest in release of confidential and proprietary business information pursuant to a subpoena and granting intervention as of right); *Compuware Corp. v. Moody's Investors Services, Inc.* No. 03-70247, 2004 U.S. Dist. LEXIS 9232 (E.D. Mich. May 11, 2004) (granting intervention as of right where intervenor had a substantial interest in disclosure of documents related to its

credit rating). *Cf. Meyer Goldberg, Inc. v. Fisher Foods, Inc.*, 823 F.2d 159 (6th Cir. 1987) (permitting intervention for purposes of discovery). Construing the term "interest" expansively, *see Coal. to Defend Affirmative Action*, 501 F.3d at 780, this Court finds that the proposed intervenors have a substantial legal interest in this litigation.

### C. Impairment of Interest

The proposed intervenors must next establish that their ability to protect their interest will be impaired absent intervention. *Coal. to Defend Affirmative Action*, 501 F.3d at 779. There is no dispute that plaintiff has served discovery requests seeking the identity of the proposed intervenors. Plaintiff argues that it is uncertain whether either defendant knows and/or will disclose the identity of the proposed intervenors. Although defendant Stemberger currently refuses to identify John Doe and although defendant Geller continues to seek a stay of discovery as to her, Doc. No. 67, there is no guarantee that, absent intervention, the identity of the proposed intervenors will not be disclosed. Therefore, the Court is persuaded that the proposed intervenors' interest will be impaired absent intervention.

### D. Representation of Interest

Finally, the proposed intervenors must establish that "the parties already before the court cannot adequately protect the proposed intervenor's interest." *Coal. to Defend Affirmative Action*, 501 F.3d at 779. The proposed intervenors' burden in this respect is minimal. *See Northeast Ohio Coalition for the Homeless v. Blackwell*,

8

467 F.3d 999, 1007 (6th Cir. 2006) ("The Supreme Court has emphasized that the requirement of impairment of a legally protected interest is a minimal one: the requirement is met if the applicant shows 'that representation of his interest 'may be inadequate.'") (citations omitted).

Here, plaintiff suggests that defendant Stemberger may adequately represent John Doe's interest. This Court disagrees. First, plaintiff does not expressly oppose John Doe's intervention. Second, it would appear that John Doe and defendant Stemberger have different interests in this litigation: defendant Stemberger is defending against plaintiff's substantive claims of defamation and conspiracy; John Doe seeks, at this point, to protect against the disclosure of his identity. Finally, there is no evidence or suggestion from plaintiff that Barbarossa's interests are adequately represented. Under these circumstances, the Court concludes that the proposed intervenors have met their minimal burden of establishing inadequacy of representation. Accordingly, the proposed intervenors have established that they are entitled to intervene as a matter of right.

**III. PERMISSIVE INTERVENTION**

In the alternative, the Court also concludes that permissive intervention is appropriate. Fed. R. Civ. P. 24(b) provides, in pertinent part:

> (1) *In General*. On timely motion, the court may permit anyone to intervene who:
>
>> (A) is given a conditional right to intervene by a federal statute; or
>> (B) has a claim or defense that shares with the main action a common question of law or fact.

Fed. R. Civ. P. 24(b)(1). Whether an applicant will be permitted to

intervene under Rule 24(b) lies within the sound discretion of the trial court. *Cf. Coal. to Defend Affirmative Action*, 501 F.3d at 784 ("The denial of permissive intervention should be reversed only for clear abuse of discretion[.]") (internal quotation marks and citations omitted). "To intervene permissively, a proposed intervenor must establish that the motion for intervention is timely and alleges at least one common question of law or fact." *United States v. Michigan*, 424 F.3d 438, 444 (6th Cir. 2005) (citing *Miller*, 103 F.3d at 1248). Once these two requirements are established, the district court must then take into account undue delay and prejudice to the original parties, if any, and any other relevant factors to determine whether intervention should be allowed. *Id*. "Moreover, permissive intervention under Rule 24(b) is to be liberally granted, so as to promote the convenient and prompt disposition of all claims in one litigation." *Id*. (citations omitted).

    As discussed supra, the *Motion to Intervene* is timely. Moreover, it is clear to this Court that the proposed intervenors' claim of protection under the First Amendment presents questions of law and fact in common, at least in part, with the claims and defenses of the parties. *See Meyer Goldberg, Inc.*, 823 F.2d at 164 (stating that, where intervenor sought intervention for purposes of discovery,"there is no stringent showing required under Rule 24(b)" that the proposed intervenor "must have a strong nexus of common fact or law"). *See also, e.g.*, *Robb v. Ishee*, No. 2:02-cv-535, 2008 U.S. Dist. LEXIS 15711, at *7 (S.D. Ohio Feb. 13, 2008). For the reasons stated *supra*, this Court also concludes that there is no risk of prejudice to the parties sufficient to warrant denial of leave to intervene.

**WHEREUPON**, *Motion for Leave to Intervene of Non-Parties John Doe and Barbarrossa for the Limited Purposes of Seeking and Enforcing a Protective Order*, Doc. No. 57, is **GRANTED**.  The Clerk is **DIRECTED** to file the proposed motion for protective order, which is attached to intervenors' motion, Doc. No. 57.


<u>April 4, 2011</u>                                    <u>    *s/Norah McCann King*    </u>
                                          Norah M<sup>c</sup>Cann King
                                    United States Magistrate Judge