# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

OMAR TARAZI,

    Plaintiff,

v.

PAMELA G. OSHRY, et al.

    Defendants.

Case No. 2:10-cv-793

JUDGE EDMUND A. SARGUS, JR.

MAGISTRATE JUDGE NORAH MCCANN KING

## OPINION AND ORDER

Defendant Pamela G. Oshry[1] has filed an emergency motion (Doc. 67) to stay the March 29, 2011, order entered by the Magistrate Judge assigned to this action, and to assert objections to that order (Doc. 66). This motion has been fully briefed and is now ripe for disposition. For the reasons that follow, the objections are overruled, and the motion is denied.

### I. Background

The relevant factual and procedural history has been well set forth in the Magistrate Judge's March 29, 2011, Opinion and Order and need not be repeated here. For purposes of this Opinion, the Court notes the following abbreviated procedural history as particularly pertinent to the motion at bar. On November 12, 2010, Defendant Geller filed a motion to dismiss Plaintiff's defamation and conspiracy claims against her (Doc. 24). Thereafter, she filed a motion for a protective order requesting a stay of all discovery directed against her pending a ruling on her motion to dismiss (Doc. 43). The Magistrate Judge assigned to this action denied Defendant Geller's motion for a protective order and ordered her to respond to Plaintiff's discovery requests within ten days (Doc. 66). Defendant Geller then filed the motion at bar.

---

[1] This defendant identifies herself as Pamela Geller and denies that her legal name or commonly used name is Pamela G. Oshry. Answer of Pamela Geller to Plaintiff's Complaint Against Defendant Pamela Oshry, Doc. No. 7, 2. For ease of reference, the Court will refer to this defendant as "Defendant Geller."

## II. Standard of Review

Federal Rule of Civil Procedure 72 provides the standard of review for a challenge to a Magistrate Judge's pretrial order concerning nondispositive matters:

> When a pretrial matter not dispositive of a party's claim or defense is referred to a Magistrate Judge to hear and decide, the Magistrate Judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

Fed. R. Civ. P. 72(a).

Whether to stay discovery for any reason is a matter ordinarily committed to the sound discretion of the trial court. *Chrysler Corp. v. Fedders Corp.*, 643 F.2d 1229, 1240 (6th Cir. 1981). In ruling upon a motion for stay, a court is to weigh the burden of proceeding with discovery upon the party from whom discovery is sought against the hardship which would be worked by a denial of discovery and to take into account any societal interests which are implicated by either proceeding or postponing discovery. *Marrese v. American Academy of Orthopaedic Surgeons*, 706 F.2d 1488, 1493 (7th Cir. 1983). When a stay, rather than a prohibition, of discovery is sought, the burden upon the party requesting the stay is less than if he were requesting a total freedom from discovery. *Id.* Nevertheless, a motion to dismiss for failure to state a claim under Rule 12(b)(6) is generally deemed an insufficient ground for staying discovery. *Roth v. President of Ohio Univ.*, No. 2:08-cv-1173, 2009 U.S. Dist. LEXIS 83160, at **3-5 (S.D. Ohio Aug. 18, 2009); *Shaw v. Total Image Specialists*, No. 2:07-cv-717, 2010 U.S. Dist. LEXIS 2976, at **2-4 (S.D. Ohio Jan. 14, 2010).

## III. Discussion

In her motion before the Magistrate Judge for a protective order requesting a stay on all discovery against her, Defendant Geller argued that no discovery should be permitted to proceed

2

against her until this Court ruled on her motion to dismiss "because Ohio Free Speech law explicitly and irrefutably protects her speech at issue in this case and because Plaintiff's allegations of a conspiracy between Defendants Geller and Stemberger are naked assertions, devoid of any factual support, and meritless." Def. Pamela Geller's Mot. for Protective Order, at 1 (Doc. 43 at 4). Defendant Geller claimed, broadly, that a stay was necessary in light of her "constitutionally protected right to freedom of speech and the chilling effect of a meritless claim of defamation on that right." Def. Pamela Geller's Mot. for Protective Order, at 1 (Doc. 43 at 4).

Defendant Geller then advanced five inquiries that she believed were relevant to the determination of whether to grant a stay of discovery. According to Defendant Geller, these five inquiries include the following:

1. Does the motion to dismiss raise viable arguments that the lawsuit is meritless?

2. Is the motion to dismiss based upon a claim that the lawsuit is barred by virtue of some statute (i.e., statute of limitations or immunity from suit) or, even more importantly, that the prosecution of the lawsuit itself is a patent violation of a constitutional liberty?

3. Given a balancing of the interests, is a protective order on behalf of Defendant Geller for just the few months necessary for the court to rule in the motion to dismiss prejudicial to Plaintiff's interest to prosecute his claims?

4. Is there evidence in the record to suggest that Plaintiff's discovery amounts to a fishing expedition? And finally,

5. Is discovery likely to add to or assist the court in deciding the dispositive motion before it?

Def. Pamela Geller's Mot. for Protective Order, at 7 (Doc. 43 at 10).

Defendant Geller derived these questions from her interpretation of the iteration in *Abercrombie & Fitch Co. v. Federal Ins. Co.*, No. 2:06-cv-831, 2010 U.S. Dist. LEXIS 106182, at \*\* 7–9 (S.D. Ohio Oct. 5, 2010), of the applicable legal standard for deciding a motion to stay, and from additional considerations discussed in connection with motions to stay and for a protective order in, respectively, *Roth*, 2009 U.S. Dist. LEXIS 83160, at \*\*3–5, and *Shaw*, 2010

3

U.S. Dist. LEXIS 2976, at **2–4.[2]

In her motion before the Magistrate Judge, Defendant Geller argued that each of the five points weighed in favor of a stay. Regarding Point One, she contended that the arguments she presented in her motion to dismiss irrefutably demonstrate that Plaintiff's defamation and conspiracy claims are meritless and that, therefore, "this case is the quintessential exception to the normal default rule that 'run-of-the-mill' dispositive motions are not sufficient grounds for a protective order staying discovery." Def. Pamela Geller's Mot. for Protective Order, at 8 (Doc. 43 at 11). Regarding Point Two, Defendant Geller argued that her motion to dismiss was based upon "an overriding public and private interest [in] protect[ing] free speech from the chilling effect of a defamation action." In her view, a stay was appropriate to protect her from "vexatious discovery." Def. Pamela Geller's Mot. for Protective Order, at 9 (Doc. 43 at 12). As to Point Three, Defendant Geller asserted that "the balancing of interests in this case is heavily weighted in favor of a prudent protection of Defendant Geller's free speech," particularly given that discovery can proceed as to Defendant John Stemberger and that the Court can modify its Scheduling Order to permit Plaintiff to amend his complaint should Plaintiff prevail on the motion to dismiss and uncover evidence that would warrant amending his complaint. Def. Pamela Geller's Mot. for Protective Order, at 10-11 (Doc. 43 at 13-14). Regarding Point Four, Defendant Geller contended that Plaintiff has propounded irrelevant discovery requests which demonstrate a bad-faith intent on his part to vex and harass Defendant Geller. In Defendant Geller's view, these discovery requests provide evidence that Plaintiff's discovery in its entirety is merely a fishing expedition. Def. Pamela Geller's Mot. for Protective Order, at 11-13 (Doc. 43 at 15-16). Finally, as to Point Five, Defendant Geller argued that discovery is unlikely to yield any evidence that would add to or assist in the Court's ability to decide the motion to dismiss because the free speech protections provided under Ohio's constitution are to be analyzed by

---

[2] As discussed below, the Court rejects Defendant Geller's interpretation of the proper considerations in deciding whether a stay is appropriate.

4

reference to "the four corners of the defamatory document and the 'objective' context of the publication." Def. Pamela Geller's Mot. for Protective Order, at 13-14 (Doc. 43 at 16-17) (invoking "*Scott-Vail*").[3]

The Magistrate Judge denied Defendant Geller's motion to stay discovery based upon a finding that the balance of interests weighed in favor of allowing discovery to proceed. Specifically, the Magistrate Judge found that Defendant Geller failed to explain why proceeding with discovery would impose an undue burden on her, and, by contrast, that a stay as to only Defendant Geller would impose a hardship on the other parties and on the Court. The Magistrate Judge observed that, in the event Defendant Geller's motion to dismiss were to be denied, the parties would have to undertake duplicative discovery, and the Court-imposed discovery schedule would potentially be undermined. Accordingly, the Magistrate Judge concluded that Defendant Geller had failed to meet her burden of establishing that a stay of discovery as to her was warranted.

In her objections to this Court, Defendant Geller contends that the Magistrate Judge improperly declined to impose a stay by failing to consider Defendant Geller's arguments under the five-point analysis presented in Defendant Geller's motion. These arguments are meritless, as Defendant misapprehends the proper considerations applicable in a court's decision on whether to stay discovery.

Defendant's five point analysis presents inquiries that, if adopted by the Court, would constitute a change to, not an application of, current law. For example, Defendant states that a relevant inquiry is whether the motion to dismiss "raises viable arguments that the lawsuit is meritless." That inquiry casts far too broadly. If the relevant consideration were whether a defendant has raised *viable arguments* that the lawsuit is meritless, then any nonfrivolous

---

[3] "*Scott-Vail*" refers to the Supreme Court of Ohio's four-part, totality-of-the-circumstances test, set forth in *Scott v. News-Herald*, 496 N.E.2d 699 (Ohio 1986) and clarified by *Vail v. Plain Dealer Publ'g Co.*, 649 N.E.2d 182 (Ohio 1995), for determining whether a published statement is constitutionally protected opinion under the Section 11, Article I of the Ohio Constitution.

5

dispositive motion would warrant a stay. Such a result stands in direct contradiction to the general rule that a case-dispositive motion is an insufficient ground for a stay of discovery. *See Roth*, 2009 U.S. Dist. LEXIS 83160, at \*\*3–5, and *Shaw*, 2010 U.S. Dist. LEXIS 2976, at \*\*2–4. In a similar vein, Defendant Geller's second point of inquiry seeks to envelope the First Amendment within the jurisprudence of various immunity doctrines, such as sovereign immunity and qualified immunity. Defendant relies on statements made in *Roth*, 2009 U.S. Dist. LEXIS 83160, at \*\*3–5, and *Shaw*, 2010 U.S. Dist. LEXIS 2976, at \*\*2–4. These cases involve the well-developed doctrines of sovereign immunity and qualified immunity. In relying on these cases, Defendant Geller overstates the applicability of immunity law. The assertion of free speech rights under the protection of the First Amendment as a defense to a defamation claim does not cloak a defendant in immunity from suit. Accordingly, the policies underlying the doctrines of sovereign immunity and qualified immunity are simply not applicable to First Amendment/defamation jurisprudence.[4] In sum, Defendant Geller's First Amendment arguments essentially ask this Court to fashion a rule that a stay of discovery is warranted in every defamation claim involving a motion to dismiss based upon a First Amendment defense. This position is untenable. Defendant cites no authority for such a broad proposition, nor has the Court located any.

Defendant Geller's fourth inquiry also overstates the proper consideration concerning a plaintiff's purpose in pursuing discovery. In Defendant Geller's view, in deciding whether a stay of discovery in its entirety is warranted, a court should consider whether the record contains evidence that suggests a plaintiff is engaged in a fishing expedition. As framed, this inquiry implies that any discovery request on matters a defendant believes are irrelevant constitutes grounds for a court to consider a stay. To the extent Defendant Geller relies upon selected

---

[4] The Court also notes that *Roth* in fact denied the motion for stay of discovery to the extent that motion requested a stay of discovery on claims other than monetary damages, see *Roth*, 2009 U.S. Dist. LEXIS 83160, at \*7, and *Shaw* denied the motion for a protective order, see *Shaw*, 2010 U.S. Dist. LEXIS 2976, at \*6.

language in *Roth* and *Shaw*, the inquiry to be gleaned from those cases sets a substantially higher standard than the one Defendant Geller proposes. The language from *Roth* that Defendant cites states that "it is conceivable that a stay might be appropriate where *the complaint was* utterly frivolous or *filed merely in order to conduct a 'fishing expedition'* or for settlement value." The language from *Shaw* states that "*unless it is patent that the case lacks merit* and will almost certainly be dismissed, a stay should not be granted to a party who has filed a garden-variety Rule 12(b)(6) motion." *Shaw*, 2010 U.S. Dist. LEXIS 2976, at *5. Although Defendant Geller takes issue with certain discovery requests that she believes are irrelevant to the issues raised in Plaintiff's complaint, she does not allege that the complaint in its entirety was filed to conduct a fishing expedition, and this Court does not so find. To the extent that she believes that it is patent that the case lacks merit, the Court disagrees. Defendant Geller's arguments for staying discovery rely heavily on her presumption that her motion to dismiss will be granted. The Court holds no such presumption. Whether or not Defendant Geller may ultimately prevail on her motion to dismiss, no presumption of success attaches merely because she has stated viable arguments in support thereof. As this Court stated in *Shaw*:

> Had the Federal Rules contemplated that a motion to dismiss under [Federal Rule of Civil Procedure] 12(b)(6) would stay discovery, the Rules would contain a provision to that effect. In fact, such a motion is directly at odds with the need for expeditious resolution of litigation. . . . Since motions to dismiss are a frequent part of federal practice, this provision only makes sense if discovery is not to be stayed pending resolution of such motions. *Furthermore, a stay of the type requested by defendants, where a party asserts that dismissal is likely, would require the court to make a preliminary finding of the likelihood of success on the motion to dismiss.* Although it is conceivable that a stay might be appropriate where the complaint was utterly frivolous, or filed merely in order to conduct a 'fishing expedition' or for settlement value, this is not such a case.

*Shaw*, at *4 (emphasis added).

Here, Defendant Geller requests a stay because she believes that dismissal is likely in light of her First Amendment defense. Because the Court does not find that Plaintiff's complaint is utterly frivolous or constitutes nothing more than a fishing expedition and because both

7

Plaintiff's claims and Defendant Geller's First Amendment defense involve many factual questions, Plaintiff is entitled to discovery "regarding any nonprivileged matter that is relevant" to his claims. Fed. R. Civ. P. 26(b)(1). As stated in *Guinn v. Mt. Carmel Health Sys.*, No. 2:09-cv-226 2010 WL 2927254 (Jul. 23, 2010 S.D. Ohio):

> The Federal Rules of Civil Procedure authorize extremely broad discovery. *United States v. Leggett & Platt, Inc.*, 542 F.2d 655 (6th Cir.1976), *cert. denied* 430 U.S. 945, 97 S.Ct. 1579, 51 L.Ed.2d 792 (1977). Therefore, Fed.R.Civ.P. 26 is to be liberally construed in favor of allowing discovery. *Dunn v. Midwestern Indemnity*, 88 F.R.D. 191 (S.D.Ohio 1980). Any matter that is relevant, in the sense that it reasonably may lead to the discovery of admissible evidence, and is not privileged, can be discovered. The concept of relevance during discovery is necessarily broader than at trial, *Mellon v. Cooper-Jarrett, Inc.*, 424 F.2d 499 (6th Cir.1970), and "[a] court is not permitted to preclude the discovery of arguably relevant information solely because if the information were introduced at trial, it would be 'speculative' at best." *Coleman v. American Red Cross*, 23 F.3d 1091, 1097 (6th Cir.1994).

To the extent Defendant Geller believes that certain matters for which Plaintiff seeks discovery are not relevant, the appropriate course is to request a protective order as to those matters, not to seek a stay of discovery in its entirety.

Finally, regarding Points Three and Five of Defendant Geller's proposed inquiries, the Court finds that the Magistrate Judge properly considered the balance of interests and appropriately omitted analysis of whether discovery was likely to assist the Court in deciding the motion to dismiss.[5] Moreover, the Court agrees with the Magistrate Judge's conclusion that

---

[5] In her discussion of her fifth proposed inquiry, Defendant Geller misstates the *Scott-Vail* analysis. Although Defendant Geller claims that "[t]he analysis provided by the Ohio Supreme Court resides in the four corners of the defamatory document and the 'objective' context of the publication, see Def. Mot. for Protective Order, at 14 (Doc. 43 at 17), the *Scott-Vail* test in fact employs a totality-of-the circumstances analysis:

> "The totality of the circumstances must be examined to determine whether a published statement is constitutionally protected opinion." The "totality of the circumstances" can be determined through a four-part test that the court originally approved in *Scott* and clarified in *Vail v. Plain Dealer Publishing Co.* (1995), 72 Ohio St.3d 279, 649 N.E.2d 182. This test considers at least four factors: first, the specific language used; second whether the statement is verifiable; third, the general context of the statement; and fourth, the broader context in which the statement appeared. The standard is not rigid but must be fluid. As the *Vail* court noted: "Every case will present facts that must be analyzed in the context of the general test. Each of the four factors should be

8

Defendant Geller has failed to articulate how responding to the requests impose an unreasonable burden on her. Insofar as Defendant Geller believes that discovery should be stayed because a defamation suit could chill free speech, she has not averred that her speech has in fact been chilled. Furthermore, as stated above, the First Amendment does not provide immunity from suit. Thus, merely asserting a First Amendment defense to a defamation claim is insufficient to establish that discovery imposes an unreasonable burden or to insulate Defendant from discovery.

In sum, the Magistrate Judge was under no obligation to accept Defendant's self-serving five-point analysis. In addition, the Court concludes that the Magistrate Judge correctly identified the proper legal standard under which to analyze Defendant Geller's motion to stay discovery and appropriately considered the relevant factors in determining that that a stay of discovery is not warranted in this case. The Magistrate Judge's order contains nothing that is clearly erroneous or contrary to law.

### IV. Conclusion

For the foregoing reasons, the Court **OVERRULES** Defendant Geller's objections to the Magistrate Judge's order denying Defendant Geller's request for a protective order and **DENIES** Defendant Geller's Motion to Stay Magistrate Judge's Order to Proceed with Discovery (Doc. 67).

**IT IS SO ORDERED.**

4-12-2011
**DATED**

**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**

---

addressed, but the weight given to any one will conceivably vary depending on the circumstances presented." *Vail* at 282, 649 N.E.2d 182.

*Toledo Heart Surgeons, Inc. v. Toledo Hosp.*, 798 N.E.2d 694, 698 (Ohio Ct. App. 2003).

9